## Bonnell vs. Briggs.

Where one employs an agent to purchase goods for him, who makes the purchase in his own name, without disclosing the name of his principal, and delivers the property to his principal, and the latter, without further inquiry, pays the agent, who keeps the money, the vendor may recover the price of the goods of the principal.

If, in such a case, the principal knows that his agent has purchased the goods from some one, he is bound to make inquiry and ascertain the name of the vendor; and before paying the price to his agent, he should ascertain whether the latter is also the agent of the vendor to receive the money.

APPEAL from a judgment entered on the verdict of a jury. The plaintiff sued for barrels sold and delivered, alleging that one Drever made the sale and delivery to the defendant, and then assigned his demand to the plaintiff. The answer controverted the purchase and assignment. The issue was tried at the New York circuit, April 15, 1864, and the defendant had a verdict. Upon the trial, it appeared that Stone made the purchase of the barrels at Newark, and had them shipped there. He bought the barrels in his own name, not mentioning the defendant. Stone had no authority to buy in the defendant's name. After the purchase, Stone had the barrels delivered at Williamsburgh, and he received the payment for them from the defendant before they arrived. The defendant, when he paid Stone for the barrels, knew nothing of Drever's having any claim for them. The defendant received from Stone a bill for the barrels, and paid him in a check drawn to Stone's order. No exceptions were taken by the plaintiff in the progress of the trial. The judge charged that if Stone bought in his own name, without disclosing the defendant as his principal, and the defendant without notice of the purchase being made by him as agent, or of any claim of the vendor, paid Stone, then the defendant was not liable. To this the plaintiff excepted, and he requested the court to charge that if Stone was the defendant's agent, the defendant was liable, without reference to the fact whether he paid him or not.

Bonnell *v.* Briggs.

The plaintiff moved for a new trial, and his motion being denied, he appealed.

*Livingston K. Miller,* for the appellant.

*Charles Tracy,* for the respondent.

*By the Court,* CLERKE, J.   One Stone bought a number of barrels for the defendant, who is a cooper, from the assignor of the plaintiff.   Stone did not disclose the name of his · principal, and bought the barrels in his own name. They were delivered to the defendant, and the latter gave Stone the money for them, who never paid the seller, or the plaintiff, his assignee.   At the trial, the judge charged the jury that if Stone bought in his own name, without disclosing the defendant as his principal, and the defendant, without any notice of the purchase, or the claim of the vendor, (or his assignee,) paid Stone, (the agent,) then the defendant was not liable.

I have examined several of the cases referred to by the counsel on both sides; and I have not found any that quite sustain this proposition, except *Fish* v. *Wood,* (4 *E. D. Smith,* 327,) in the Court of . Common Pleas of this city. Undoubtedly there are cases which show that a person dealing with an agent, whose agency is conceded, to whom he sells on credit, has no claim on the principal, if the latter has paid the agent, before the expiration of the credit.   In such a case, the principal may have good reason to infer, from the fact that credit had been given to his agent, that the sale was made on the exclusive responsibility of the latter.   But where, as in this case, a person employs an agent to make purchases for him, receives the goods purchased, and then, without further inquiry, pays the agent, I doubt whether the seller loses his claim against the principal.   The fact that this was a purchase on behalf of the defendant by Stone, and that the defendant did not suppose the goods belonged to Stone, but that Stone had purchased

them from some other person for him, is assumed by the terms of the proposition charged. The defendant, indeed, did not know who the seller was; but if he knew that the purchase was made from some person other than Stone, was he not bound to make inquiry, and ascertain his name? Was he not bound, before he paid the money to his agent, to ascertain whether the latter was also the agent of the seller to receive the money? No payment is good except to the creditor himself, or to his agent. The law says an undisclosed principal, subsequently discovered, may be made liable on the contract of his agent. The person who has thus dealt with the agent has a vested claim against the principal. The relation of debtor and creditor is fixed between them. Can the debt be satisfied in any other way than by payment to the creditor, or to *his* agent, as in all other cases? The mere fact that the dealing in the first instance was with the agent, without disclosing the name of his principal, does not make the agent of the buyer the agent of the seller; and in no other capacity than the latter could a payment be effectual to discharge the principal. This, I think, is the inevitable logical consequence from the legal principle which fixes the liability of the undisclosed principal in transactions of this nature. The liability once fixed, it can only be discharged by payment to the seller or to the seller's agent. If the judge charged that if the jury believed the transaction in this case was a purchase by the defendant directly from Stone, and not from the assignor of the plaintiff through Stone, the defendant was discharged, the charge would be correct. It is possible that the jury would have come to this conclusion from the facts; but as I have said, the charge assumes the agency of Stone, in the transaction; and is, therefore, liable to the objection which I have mentioned. The judgment should be reversed; and a new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, January 2, 1866. *Geo. G. Barnard, Clerke* and *Ingraham*, Justices.]